UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **JONATHON ROWLES and GEORGE HOLLOWAY, individually and as class representatives of others similarly situated,**<br><br>    **Plaintiffs,**<br>    **v.**<br>**CHASE HOME FINANCE, LLC,**<br><br>    **Defendant.** | Civil No. 9:10-cv-01756-MBS<br><br>**PRELIMINARY APPROVAL ORDER** |

These matters having come before the Court upon the Motion of Plaintiffs Jonathon Rowles and George Holloway, individually, and on behalf of a class of persons, for preliminary approval of a settlement reached between plaintiffs and Chase Home Finance, LLC ("Chase" or "defendant") (together, "the Parties"), and upon consideration of the Parties' Settlement Agreement dated April 19, 2011 and the Amended Settlement Agreement dated May 13, 2011 (together, the "Settlement" or "Settlement Agreement"), and the exhibits thereto,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. Based on the Court's review of the Settlement Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, the Court finds that the proposed Settlement is within the range of possible approval. Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement (Entry 36) is **granted**.

3. If, for any reason, the Settlement is not finally approved or does not become effective, this provisional approval and class certification Order shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

4. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> All borrowers with mortgage loans, or secured home equity loans or home equity lines of credit, which were active and serviced by EMC, Washington Mutual, and/or Chase as of January 1, 2005, and to whom Chase has sent or will send an Actual Refund by the Class List Close Date.

5. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, Class Representatives Jonathon Rowles and George Holloway are conditionally designated as representatives of the Settlement Class, and the following law firms and attorneys are conditionally appointed as Class Counsel, and Legal Representatives within the meaning of 50 U.S.C. App. § 519(a)(1), for the Settlement Class:

> Richard A. Harpootlian
> Richard A. Harpootlian, P.A.
> 1410 Laurel Street
> Columbia, South Carolina 29201
>
> William B. Harvey III
> Harvey & Battey, P.A.
> 1001 Craven Street
> Beaufort, South Carolina 29902

6. The Garden City Group is hereby appointed as Settlement Administrator to administer the notice procedures and other aspects of this proposed Settlement, as more fully set forth in the Settlement Agreement.

7.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Fairness Hearing described in paragraph 11 of this Order.  Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

8.      Defendant is hereby directed to prepare the Class Member list in the manner described in the Settlement Agreement, and to do so within fourteen (14) days after entry of this Order.  Within thirty (30) days after entry of this Order, the Settlement Administrator shall provide notice of the Settlement and of the Fairness Hearing in accordance with the procedures detailed in the Settlement Agreement to each Class Member on the Class Member list at that time by mailing a copy of the Class Notice in the form attached to the Settlement Agreement as Exhibit B, together with a copy of the Special Claim Form, in the form attached to the Settlement Agreement as Exhibit C (together, the "Mailer").  Within five days of the Class List Close Date, the Settlement Administrator shall send the Mailer to any additional Class Members that were not previously on the Class List.  The Settlement Administrator shall format and prepare the Class Notice and the Special Claim Form to conform to the notice provisions of the Settlement Agreement.  The Special Claim Form shall notify the Class Members that it must be postmarked or received not later than February 13, 2012.

9.      Upon review of the Parties' submissions, and the terms of the Settlement Agreement, the Court finds that the Settlement Agreement's plan for class notice, further described in Sections 3.3 and 3.4 of the Settlement Agreement, satisfies the requirements of due process and Fed. R. Civ.

P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and the Special Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no notice other than that identified in the Settlement Agreement is reasonably necessary in this Action.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must mail a request for exclusion ("Opt-Out") to the Settlement Administrator so that it is postmarked or received no later than October 3, 2011. For a Class Member's Opt-Out to be valid, it must be timely, and submitted on the Request to Be Excluded form provided with the Class Notice, or delivered by separate letter, and must: (a) state the name of this lawsuit, *Rowles v. Chase Home Finance*, LLC, No. CV 9:10-1756; (b) state the Class Member's full name and address; (c) contain the Class Member's signature; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the Settlement Class as set forth above and in the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in sections 4.1, 4.2, and 4.3 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class Member who is a successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or to seek to intervene in the Action.

11. A hearing (the Fairness Hearing) shall be held before this Court on November 15, 2011, at 10:00 a.m., to hear objections and determine: (i) whether the proposed settlement of this Action as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class

Members and should be approved by the Court; (ii) whether the Final Judgment should be entered approving the Settlement; (iii) whether to approve the request of Class Counsel for payment of attorneys' fees and reimbursement of expenses; and (iv) whether to approve the request of Class Representatives for incentive awards. Notice of such hearing shall be provided to Class Members in the fashion described in Section 3.3 of the Settlement Agreement.

12. Any interested person may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in good faith and/or why the request of Class Counsel for approval of attorneys' fees and expenses and litigation-related reimbursements should or should not be approved as fair and reasonable; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the fees, costs, and reimbursements requested by Class Counsel, unless that person has sent or delivered written objections and copies of any supporting papers and briefs so that they are postmarked or received no later than October 3, 2011, to Class Counsel at the above addresses, and to counsel for Chase, Michael J. Agoglia, at Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482. Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy, or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved. Class Counsel shall file any timely received objections or Notices of Intent to Appear at the Fairness Hearing with the Clerk of the Court by October 17, 2011.

13. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement; Class Counsel's request for approval of attorneys' fees, costs and reimbursement of expenses; and Class Representatives' request for approval of incentive awards

shall be filed on or before September 16, 2011. Any responses to these requests or objections shall be filed on or before October 31, 2011.

    14.    The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement and request for approval of attorneys' fees and expenses and request for approval of Class Representatives' incentive awards at or after the originally scheduled Fairness Hearing.

**IT IS SO ORDERED.**

<u>s/ Margaret B. Seymour</u><br>
Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina
May 16, 2011