UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| **JONATHON ROWLES and GEORGE HOLLOWAY, individually and as class representatives of others similarly situated,**<br><br>   **Plaintiffs,**<br> v.<br>**CHASE HOME FINANCE, LLC,**<br><br>   **Defendant.** | Civil No. 9:10-cv-01756-MBS<br>Hon. Margaret B. Seymour<br><br>**FINAL APPROVAL ORDER** |

These matters having come before the Court upon the Motion of Plaintiffs Jonathon Rowles and George Holloway, individually, and on behalf of a class of persons, for final approval of a settlement reached between Plaintiffs and Chase Home Finance, LLC ("Chase" or "Defendant") (together, "the Parties"), and upon consideration of the Parties' Settlement Agreement dated April 19, 2011, and the Amended Settlement Agreement dated May 13, 2011 (together, the "Settlement" or "Settlement Agreement"), and the exhibits thereto,

IT IS HEREBY ORDERED AS FOLLOWS:

Pursuant to an Order dated May 16, 2011 ("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the settlement reflected in it.

A Fairness Hearing was held before this Court on November 15, 2011, to consider, among other things, whether the settlement should be approved by this Court as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

**I.    THE CLASS IS PROPERLY CERTIFIED FOR SETTLEMENT PURPOSES.**

1.    The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a Settlement Class ("the Class") in the Action as follows:

> All borrowers with mortgage loans, or secured home equity loans or home equity lines of credit, which were active and serviced by EMC, Washington Mutual, and/or Chase as of January 1, 2005, and to whom Chase sent an Actual Refund by the Class List Close Date and who did not submit a timely and valid request to be excluded from the Class.

Chase has submitted to the Court a Class List that includes and specifies the Class Members. The Court, having reviewed the separately submitted Motion to File Under Seal and for good cause shown, hereby rules that the Class List will be filed under seal and shall remain under seal.

2.    Specifically, the Court finds for settlement purposes only that the Class satisfies the following factors of Rule 23(a) and Rule 23(b)(3):

> (a)    <u>Numerosity</u>:  Because the Class contains more than 20,000 members nationwide, joinder would be impracticable.  Thus, the Rule 23(a)(1) numerosity requirement has been met.
>
> (b)    <u>Commonality</u>:  The claims of all Plaintiffs hinge on common questions, including the interpretation of various provisions of the Servicemembers Civil Relief Act ("SCRA") and whether Chase systematically failed to implement the SCRA.  Because these issues would be established by common class-wide proof, Rule 23(a)(2) is satisfied.
>
> (c)    <u>Typicality</u>:  The Class Representatives' claims arise from the same course of conduct and share the same legal theories as the claims of the Class Members.  These Class Representatives' claims are therefore typical of those of the Class and satisfy Rule 23(a)(3).

      (d)    <u>Adequacy</u>:  There are no conflicts between the interests of the Class Representatives and the interests of the Class as a whole.  Furthermore, Class Counsel is experienced in complex class litigation and has devoted substantial resources to the prosecution of this matter.  The Rule 23(a)(4) adequacy requirement has therefore been met.

      (e)    <u>Predominance and Superiority</u>:  The common questions stated above constitute a substantial part of each Class Member's case, and resolution of these questions will either prove or disprove essential elements of every Class Member's claims on a simultaneous, class-wide basis.  The cost of litigation on a case-by-case basis would be very high, and many Class Members would be entitled to minimal damages.  There is no other known litigation addressing the specific controversy in this case, and no reason why these claims should not be litigated in this forum.  Accordingly, the Rule 23(b)(3) predominance and superiority requirements are met.

## II.    THE CLASS NOTICE REGIME MEETS DUE PROCESS REQUIREMENTS.

3.    Having considered the parties' submissions in this action, including the Declarations of Jennifer M. Keough regarding settlement administration, and further comments received from the parties at the Fairness Hearing, the Court finds that the notice regime under the settlement fully comports with the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1), and the due process principles they embody.

4.    As explained at the Fairness Hearing, in light of necessary corrections to Class Member information, the Settlement Administrator sent additional Mailers as explained in the Second Supplemental Declaration of Jennifer M. Keough Regarding Notice and Settlement Administration.  On January 6, 2012, the Parties provided the Court with a report stating that no additional objections or exclusions had been received

## III.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE.

5.    To determine whether a proposed settlement is fair, the Court considers: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel.

*In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). Having considered the Parties' submissions in this action, including the declarations by Class Counsel, Chase, the Settlement Administrator, and by Special Master Edward N. Cahn, Plaintiffs' Petition for Final Approval and the parties' Supplemental Memoranda, and the Parties' further comments received at the Fairness Hearing, the Court finds that the Settlement Agreement is the product of good-faith, arm's-length negotiations by the Parties, each of whom was represented by experienced counsel. Although the Settlement was reached at an early stage of litigation, the Parties were well apprised of the relevant facts of the case as well as the strengths and weaknesses of each side.

      6.      In assessing the adequacy of a proposed settlement, the Court considers: (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs would likely encounter if the case were to go to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members. *See In re Red Hat Sec. Litig.*, No. 5:04-CV-473-BR(3), 2010 U.S. Dist. LEXIS 68619, at *4 (E.D.N.C. June 11, 2010) (finding settlement adequate where plaintiffs believed their case had merit, but were "mindful of the inherent problem of proof . . . and possible defenses"). Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any class certification order entered in this Action, and any other rulings rendered during trial. *See, e.g., In re Montgomery Cnty. Real Estate Antitrust Litig.*, 83

F.R.D. 305, 317 (D. Md. 1979); *In re Microstrategy, Inc. Sec. Litig.*, 148 F.Supp.2d 654, 665-67 (E.D. Va. 2001) (finding settlement adequate where favorable jury verdict was uncertain and adverse ruling upon appeal could have overturned any result plaintiffs might have obtained at trial). The relief negotiated by the Parties includes automatic payment to Class Members of their *pro rata* share of Fund I, which will consist of over $20,000,000.00, and the ability for Class Members to claim further payment from Fund II, which consists of $15,000,000.00. If full payment of any Fund II awards by the Special Master relating to additional damages arising out of any wrongful foreclosure under the SCRA would exceed the $15,000,000.00 cap, Chase shall make available in Fund II the additional amount needed to pay the remaining portion of those awards up to a total additional contribution to Fund II of $500,000.00. Within thirty (30) days of the submission of the Special Master's Fund II Report to the Court, the Special Master shall report to the Parties the amount of any remaining monies in Fund II. Any such remaining monies will, in accordance with the Settlement, be provided to Designated Programs to be agreed upon by the Parties and approved by the Court. The Parties have presented evidence that the cost to Chase of providing this class relief is in excess of $35,000,000.00, and that additional class benefits have been conferred upon Class Members with an approximate value of $31,000,000.00.

7.   The Parties have presented evidence that no objections to the Settlement Agreement or Class Counsel's request for approval of attorneys' fees and expenses have been received, and that only 32 Class Members—approximately 0.2% total Class Members—have excluded themselves from the settlement. This reaction to the settlement supports final approval. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("The attitude of the members of the class, as expressed directly or by failure to object, after notice of the settlement is a proper consideration for the trial court."); *Harris v. McCrackin*, No. 2:03-3845-23, 2006 WL 1897038,

at *8 (D.S.C. July 10, 2006) ("It is axiomatic . . . that a balancing of the positive response from members of the Class to the Proposed Settlement against the utter absence of opposition from the Class, militates in favor of approval.").

8. For all the above reasons, the Court finds that the uncertainties of continued litigation in the trial and the appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

9. This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that, subject to any additional valid and timely objections by Class Members, the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class Members.

10. The Court reconfirms the appointment of Richard A. Harpootlian, Graham Lee Newman, and William B. Harvey, III, as Class Counsel. The Court also reconfirms the appointment of Jonathon Rowles and George Holloway as Class Representatives.

11. The Court reconfirms the appointment of Edward Cahn to serve as Special Master for all purposes specified in the Settlement. The Special Master will provide the verified report on the amounts awarded from Fund II by May 14, 2012.

## IV. THE REQUESTED ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS ARE APPROVED.

12. In determining the reasonableness of an award of attorneys' fees, the most critical factor is the degree of success obtained. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *see also McKnight v. Circuit City Stores, Inc.*, 14 F. App'x 147, 149 (4th Cir. 2001). Other relevant factors include the quality, skill, and efficiency of the attorneys involved; the complexity and duration of the case; objections by class members; the risk of nonpayment; and awards in similar cases. *See, e.g., Jones v. Dominion Resources Svc., Inc.*, 601 F. Supp. 2d 756, 760 (S.D. W. Va.

2009). This Court finds that Class Counsel have obtained an excellent result for the class, providing compensation to Class Members substantially in excess of their actual losses and providing additional non-monetary relief. The Court notes the absence of any objections, and finds that the requested fees represent a percentage of the common fund that is small in comparison with other cases. The Court finds that Class Counsel are experienced in litigating class actions, and have promptly and efficiently achieved an excellent result in this case. The Court also finds that based on the complexity and uncertainty in the governing law, Class Counsel faced a significant risk of nonpayment at the time the case was filed. Accordingly, the Court grants Class Counsel's request for approval of attorneys' fees and costs in the amount of $8,000,000.

13.     "Incentive awards are routinely approved in class actions to 'encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk they undertook.'" *Dominion Resources*, 601 F. Supp. 2d at 767. The Court finds that the Class Representatives contributed significantly to the success of this litigation, and that the requested incentive awards are reasonably commensurate with their participation. Accordingly, the Court grants Class Representative Rowles's request for approval of an incentive award in the amount of $25,000 and Class Representative Holloway's request for approval of an incentive award in the amount of $10,000.

- 8 -

14. FINAL JUDGMENT is hereby ENTERED dismissing with prejudice all claims against Defendant.

**IT IS SO ORDERED.**

Dated: January 10, 2012                              s/ Margaret B. Seymour
                                                      Honorable Margaret B. Seymour
                                                      Chief United States District Judge